IN THE DISTRICT COURT IN AND FOR OKMULGEE COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| SEAN DOUGLAS BIRNIE, an individual,<br>            Plaintiff,<br><br>vs.<br><br>RICHARD S. GANZER, an individual,<br>SERVICE STEEL WAREHOUSE CO.,<br>a foreign entity,<br>TRAVELERS INSURANCE CO.,<br>a foreign entity,<br>RYDER TRUCK RENTAL, INC.,<br>a foreign entity<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CJ-2020-065<br><br>Jury Trial Demanded<br><br>Attorney Lien Claimed<br><br>**FILED**<br>IN DISTRICT COURT<br>APR 23 2020<br>OKMULGEE COUNTY, OKLAHOMA<br>CHARLY CRINER, Court Clerk<br>By_____Deputy |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, Sean D. Birnie, through his attorneys, asserts claims against Defendants Richard Ganzer, Service Steel Warehouse Co., Travelers Ins. Co., and Ryder Truck Rental Co. In support of his claims against Defendants, Plaintiff states and alleges as follows:

### I. JURISDICTION AND VENUE

1. This is an action for negligence and personal injuries to Sean D. Birnie, following a motor vehicle collision in Okmulgee County.

2. Plaintiff Sean D. Birnie is a citizen of the State of Oklahoma and resides in Checotah, Oklahoma.

3. Based on information and belief, Defendant Richard S. Ganzer is a resident of Keller, Tarrant County, Texas. At the material time, Defendant Ganzer (as either an employee or agent of Service Steel Warehouse Co. or the Ryder Truck Rental Co.) was the at-fault driver that operated the truck that caused the accident at issue, which injured Plaintiff.

4. Based on information and belief, Defendant Service Steel Warehouse Co. ("Service Steel") is a foreign entity incorporated and headquartered in Houston, Harris County, Texas. Defendant Service Steel is a carbon structural steel distributor serving customers in the United States and internationally. Defendant Service Steel ships steel across the United States and internationally.

5. Based on information and belief, Defendant Ryder Truck Rental, Inc. ("Ryder") is a foreign entity incorporated and headquartered in Miami, Dade County, Florida. Defendant Ryder provides transportation and supply chain management products and owns and operates a fleet of rental trucks. Defendant Ryder also provides fleet management, supply chain management and contracted carriage services.

6. Based on information and belief, Defendant Travelers Insurance Co. ("Travelers") is an American insurance company headquartered in New York. At the material time, Defendant Travelers was Defendant Service Steel's insurance carrier and provided insurance coverage to Defendants Service Steel and Ganzer. Based on information and belief, Defendant Service Steel held an Oklahoma motor carrier license, and therefore, has an insurance policy on file with the Oklahoma Corporation Commission. Thus, Defendant Service Steel and its insurer Defendant Travelers are jointly liable to Plaintiff and Plaintiff has the right to sue Defendant Travelers directly. *See* 47 O.S. §230.30(A).

7. The relevant facts leading to this action occurred in Okmulgee County, State of Oklahoma. As a result, venue is proper with this Court. *See* 12 O.S. §139.

8. Subject matter and personal jurisdiction is proper in this Court under Okla. Const. art. 7, §7 (granting district courts of this state unlimited general jurisdiction over all matters sounding either in law or equity) and 12 O.S. §2004(F) (authorizing courts of this state to exercise

jurisdiction on any basis consistent with the Constitutions of the United States and Oklahoma). The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

9. This Court has personal jurisdiction over Defendant Richard Ganzer because he committed a tort (that is the subject of this suit) within the State of Oklahoma. At the material time, Defendant Ganzer was an agent of either or both Defendants Service Steel and Ryder and he was acting within the course and scope of his agency when he committed the tort at issue. Thus, on the basis of an agency relationship between the tortfeasor Defendants Ganzer and/or Service Steel and Ryder, this Court can exercise personal jurisdiction over those two principals. Moreover, the Court has personal jurisdiction over Defendant Ryder because it has an office in this State from which it conducts business. Based on information and belief, this lawsuit is based on the very activities that it conducts in this State.

10. The Court also has personal jurisdiction over Defendant Travelers because it had a vicarious/agency relationship with Defendant Service Steel, whom Defendant Richard Ganzer was its agent when he committed the tort at issue in Oklahoma.

## II. OPERATIVE FACTS

11. All preceding paragraphs are incorporated herein, as though stated below *verbatim*.

12. On May 1, 2018, at about 9:30 AM, Plaintiff and a work colleague were working on US Highway 75 north of its intersection with State Highway 16 in Okmulgee County, Oklahoma.

13. At the time, Plaintiff worked full-time as a maintenance person for the Oklahoma Department of Transportation (ODOT), in the highway maintenance division. In that role, Plaintiff was responsible for repairing or replacing signs and other highway implements.

14. At the time of the incident, Plaintiff and his colleague were inside their ODOT work vehicle traveling north on US 75. Plaintiff was a passenger in the ODOT vehicle. Just south of Hastings Rd., Plaintiff and his driver were in the outside (slow) lane preparing to stop and conduct work-related activities. A semi-truck operated by Defendant Richard Ganzer, on behalf of either Defendant Service and/or Defendant Ryder, ran straight into the rear of the ODOT vehicle occupied by Plaintiff and his colleague at high speed without slowing or seeming to take any evasive actions. The impact from the collision caused the ODOT vehicle to slide broadside approximately 180 feet before striking a ditch. The impact further caused the ODOT vehicle to slide and move approximately another 9 feet and then it struck a road sign, moved a further approximately 38 feet, overturned, before finally resting on its wheels.

15. Plaintiff was ejected out of the ODOT vehicle and suffered serious injuries.

16. At the material time, Defendant Ganzer was operating within the course and scope of his employment/or agency for Defendants Service Steel, Travelers and/or Ryder.

17. Based on information and belief, Defendant Travelers insured Defendants Ganzer and Service Steel at the time of the collision.

18. Defendant Ganzer operated his semi-truck and trailer at a high speed in excess of the applicable speed limit and took no affirmative acts, prior to the collision, to avoid the collision or to stop. In fact, the incident scene had no visible tire marks before impact, which raises the inference that Defendant Richard Ganzer, although aware of the risk of serious harm and injury his speeding vehicle posed to occupants of the vehicle itself, took no steps to stop, slow down or to prevent the collision.

19. From the resulting impact in the collision, and as noted, Plaintiff sustained serious personal physical, mental and economic injuries.

20. For his injuries and damages suffered as a proximate result of Defendants' tortious conduct, Plaintiff seeks recourse and relief from this Court.

### III. CAUSES OF ACTION
### A. Negligence (common law)
### Against all Defendants

21. All preceding paragraphs are incorporated herein, as though stated below *verbatim*.

22. The injuries sustained by Plaintiff are a direct and proximate result of the negligence of Defendants. The acts and omissions complained of include, but are not limited to:

   a. Defendant Ganzer failed to operate his vehicle in a careful and prudent manner; and

   b. Defendant Ganzer took no affirmative acts, within a timely fashion, to prevent the collision;

23. At the material time, Defendant Ganzer was an employee and/or agent and operating within the course and scope of his employment/or agency for Defendants Service Steel, Travelers and/or Ryder for which Defendants are liable under the legal doctrine of *respondeat superior*.

24. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered severe personal injuries and damages.

25. Plaintiff is entitled to damages for physical and mental pain and suffering, past and future; any physical impairment or disfigurement; impairment of earning capacity; reasonable expenses of the necessary medical care, treatment and services, past and future, all in excess of Seventy-Five Thousand Dollars ($75,000.00).

### B. Negligence *per se*
### (Against all Defendants)

26. All preceding paragraphs are incorporated herein, as though stated below *verbatim*.

5

27. The injuries sustained by Plaintiff are a direct and proximate result of negligence *per se*. The acts and omissions complained of include, but are not limited to the following:

   a. Defendant Ganzer was driving in excess of the speed limit imposed for that particular portion of the road, and in doing so, his actions constituted an immediate hazard that caused the injuries complained of herein. As outlined herein, Defendant Ganzer's conduct amounted to a clear violation of Oklahoma law and Rules of the Road that was designed to benefit and protect innocent road users like Plaintiff in circumstances such as those applicable in this case. *See, e.g.* 47 O.S. §11-801.

   b. Defendant Ganzer failed to take any affirmative acts, within timely fashion, to prevent the collision or to stop, as Oklahoma law requires under these circumstances. In doing so, Defendant Ganzer's actions constituted an immediate hazard that caused the injuries complained of herein. As outlined herein, Defendant Ganzer's conduct amounted to a clear violation of Oklahoma law and Rules of the Road that was designed to benefit and protect innocent road users like Plaintiff in circumstances such as those applicable in this case. *See, e.g.* 47 O.S. §11-310; 47 O.S. §11-901b.

   c. Defendant Ganzer failed to maintain a proper lookout and devote full-time attention and maintain appropriate distance from other vehicles, while operating a fast-moving semi-truck on Oklahoma roads, as Oklahoma law requires under these circumstances. In doing so, Defendant Ganzer's actions constituted an immediate hazard that caused the injuries complained of herein. As outlined herein, Defendant Ganzer's conduct amounted to a clear violation of Oklahoma law and Rules of the Road that was designed to benefit and protect innocent road users like Plaintiff in circumstances such as those applicable in this case. *See, e.g.* 47 O.S. §11-310; 47 O.S. §11-901b.

28. As a direct and proximate result of Defendants' negligence *per se*, Plaintiff has suffered personal injuries and damages, as well as incurred expenses for medical care.

29. At the material time, Defendant Ganzer was an employee and/or agent and operating within the course and scope of his employment/or agency for Defendants Service Steel, Travelers and/or Ryder.

30. Plaintiff is entitled to damages for physical and mental pain and suffering, past and future; any physical impairment or disfigurement; impairment of earning capacity; reasonable

6

expenses of the necessary medical care, treatment, and services, past and future, all in excess of Seventy-Five Thousand Dollars ($75,000.00).

### C. Negligent entrustment
### (Against Service Steel Warehouse and Ryder Truck Rental)

31. All preceding paragraphs are incorporated herein, as though stated below *verbatim*.

32. Defendants Service Steel and/or Ryder own or had possession and control of the truck Defendant Ganzer was operating on the material day. Thus, the two corporate Defendants were in a joint venture or affiliated in the operation and control of the truck at issue. Alternatively, to the extent that Defendant Ryder owns the truck entirely, it negligently entrusted the operation and/or transportation of its truck and/or trailer to Defendants Service Steel and/or Ganzer.

33. Defendants Service Steel and/or Ryder allowed Defendant Ganzer to operate the truck involved in the collision on the material day.

34. Defendants Service Steel and/or Ryder knew or reasonably should have known that Defendant Ganzer was careless, reckless and incompetent and either or both Defendants permitted Defendant Ganzer to operate the truck.

35. As a proximate result of Defendants Service Steel and/or Ryder's conduct, as outlined in this pleading, injuries to Plaintiff were caused by Defendant Ganzer's careless and reckless driving of the truck.

## IV. RELIEF REQUESTED

Plaintiff seeks relief against Defendants as follows:

A. Judgment in favor of Plaintiff for compensatory and actual damages against Defendants on all claims alleged herein;

B. Judgment in favor of Plaintiff for punitive damages against Defendants on all claims which such kind of exemplary relief can be awarded; and

C.    Judgment in favor of Plaintiff against Defendants for the costs of this action (including attorneys' fees for eligible claims) and interest as provided by law, and for all other and further relief that this Court deems just and proper.

Respectfully submitted,

BREWSTER & DE ANGELIS, P.L.L.C.

By: _____
Clark O. Brewster, OBA #1114
Montgomery L. Lair, OBA #17546
Mbilike M. Mwafulirwa, OBA # 31164
2617 East 21st Street
Tulsa, Oklahoma 74114
(918) 742-2021, Fax (918) 742-2197
**ATTORNEYS FOR PLAINTIFF**
